Mr. Justice Thachek
delivered the opinion of the court.
The decree of the chancellor dismissed the complainant’s bill, from which an appeal was taken to this court. The first point in order presented by the record amply sustains the judgment of the chancellor, and therefore precludes the necessity of an investigation and opinion upon the other points which might equally warrant a similar conclusion.
It appears that Barlow and the appellant and others were liable upon a promissory note, payable to the Planters Bank of the state of Mississippi, in the sum of $20,000. The note was discounted by the bank for the benefit of Barlow, who was the principal, and Plunt and the others were his sureties. Upon the maturity of this note, Barlow sought its renewal from the bank, which agreed to his desire upon the payment of $5000 upon account of the note, and the addition of another name upon the note to be given for the balance, the bank conceiving the original security to have become impaired. Barlow applied to the appellee for the use of his name for this purpose upon the note to be given in renewal, informing him that the parties upon the original note were already bound to the bank, were amply solvent, and that the object of getting his name was to obtain time from the bank. At the period of Barlow’s application to the appellee for the use of his name, the note in renewal had been signed by all the parties to it. Judgments at law were obtained against all the parties to this new note which was mainly paid by appellant, who files this bill for contribution from the appellee, who, alone of the parties, was deemed solvent.
The engagement actually undertaken by the appellee was susceptible of proof by parol evidence. It is evidence in support of the contract. No valid objection could be sustained to the competency of Barlow as a witness; he stood indifferent as to all the parties, being equally liable to them all.
The real question is, was the appellee co-surety with Hunt, the appellant, and the others, for Barlow, or was he, in point of fact, surety for Barlow and his original sureties, or so many of them as united in the note of renewal. Barlow and the others *543 in the original note were interested in obtaining the renewal sought from the bank, and the appellee suffered his credit to be used to secure their object, but without any individual interest up to that time. The consideration of the original note was the discount of §20,000 for Barlow’s benefit, but an additional and new consideration of the note in renewal was the time given by the bank to Barlow and his original sureties. Without the name of the appellee, or some other equally sufficient surety, the new note would have had no existence. As between the original parties and the bank, all were equally bound, and so between the parties to the note in renewal and the bank; but the same difference of obligation holds between the parties to the new note and the appellee, as existed between the original sureties and Barlow. This position rests upon a principle of equity, even if it were not still more substantially supported by the evidence respecting the actual and special contract of the appellee, which clearly was to become liable in the event the others did not pay, but not to become jointly liable with them. Craythorne v. Samburne, 14 Vesey, 160.
Decree affirmed.